IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:25CR72** |
| vs. | |
| CHAD ALIOTH, | **FINDINGS AND RECOMMENDATION AND ORDER** |
| Defendant. | |

This matter comes before the court on Defendant's Motion to Sever (Filing No. 27), Motion to Dismiss or, in the Alternative, to Strike (Filing No. 29), his supporting briefs (Filing No. 28, 30), and the government's briefs in opposition (Filing No. 32, 33). Being duly advised in the premises, the court denies the motion to sever and will recommend that the motion to dismiss, or in the alternative to strike, be denied as to dismissal but granted as to striking the language regarding Defendant's prior conviction in Count II from the indictment.

## I.    BACKGROUND

On March 18, 2025, a grand jury returned an indictment charging Defendant with three counts. (Filing No. 16). Count I charges Defendant with knowingly recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, and soliciting Victim 1, and benefiting financially or by receiving anything of value, from participating in a venture which has engaged in such acts, and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any

1

combination of such means would be used to cause Victim 1 to engage in a commercial sex act, from April 20, 2007 through February 27, 2025, in violation of 18 U.S.C. § 1591(a) and (b)(1).

Count II charges Defendant with having previously been convicted of offenses under the laws of the State of Arizona relating to sexual abuse to wit; a conviction on or about June 16, 1994, for Attempted Sexual Assault in the Superior Court of Arizona, Maricopa County, did attempt to employ, use, persuade, induce, entice, and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce; and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2251(a) and (e).

Count III charges Defendant with committing Count II, a felony involving a minor, while required by law to register as a sex offender, in violation of 18 U.S.C. § 2260A. Both Counts II and III are alleged to have been committed on or about September 24, 2024. Defendant pled not guilty to all charges. (Filing No. 21).

The Defendant moves to sever Counts I, II, and III from each other, alleging improper joinder under Fed.R.Crim.P. 8 and prejudicial joinder under Fed.R.Crim.P. 14. Defendant also moves to dismiss Count II because it is defective, arguing Defendant's prior conviction is not the kind of conviction that triggers the enhanced penalty. Alternatively, Defendant moves to strike from the indictment unnecessary and prejudicial language in Count II related to his prior conviction of attempted sexual assault.

Defendant requested an evidentiary hearing and oral argument on these motions. The court has discretion to determine whether to hold an evidentiary hearing. *See United States v. Hardison,* 859 F. 3d 585, 589 (8th Cir. 2017). The court is only required to hold an evidentiary hearing "when the moving papers are sufficiently definite, specific, and

detailed to establish a contested issue of fact." *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013). Defendant's motions raise questions of law and statutory construction, not questions of fact. The court therefore finds an evidentiary hearing unnecessary.

## II.    DISCUSSION

### I.    Motion to Sever

Defendant argues that Count I pertaining to Victim 1 should be severed from Counts II and III pertaining to Minor Victim 1 because the indictment does not allege any connection between the two victims or any overarching conspiracy linking the two. He further argues Count III should be severed because it alleges a prior conviction requiring the Defendant to register as a sex offender, undermining the jury's ability to presume innocence on the new offenses and causing unfair prejudice.

Fed.R.Crim.P. 8(a) permits the government to charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Offenses are considered "of the same or similar character" if they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (quotation omitted). The time factor is determined on a case-by-case basis and "there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Evidence overlaps for purposes of Rule 8 when evidence surrounding one offense would be probative and admissible at the defendant's separate trial for the other offense. *Id.* at 630.  The question of whether offenses are based on the same act or transaction or part of a common scheme or plan should be interpreted "flexibly," requiring that the offenses have a "logical relationship" to one another. *See United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005); *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976). Offenses can be deemed

to be part of a common plan or scheme when they are related temporally and logically. *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (finding charges to be part of a common plan or scheme where they were connected temporally and logically).

Once it is determined that joinder is appropriate under Rule 8, Rule 14 specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed.R.Crim.P. 14. However, "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009). "[S]eparate trials are required only where prejudice caused by a joint trial is severe or compelling." *United States v. Kirk*, 528 F.3d 1102, 107-08 (8th Cir. 2008). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." *Taken Alive*, 513 F.3d 902 (quotation omitted). "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010). "[T]here is a strong presumption against severing properly joined counts." *Id.* The defendant bears the burden of establishing prejudice. *See United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992).

a.  <u>Severance is not warranted under Fed.R.Crim.P. 8.</u>

Defendant argues that the offenses involving Victim 1 (Count I) should be severed from those pertaining to Minor Victim 1 (Counts II and III). Defendant maintains that the indictment does not identify a similar pattern of conduct, similar time period, or similar places because Count I alleges a relationship that lasted for nearly 18 years, while Counts II and III allege a one-time event with a minor. Defendant further asserts that the evidence offered to prove the counts related to each victim would only be to show his propensity to commit sexual crimes, and would be inadmissible under Fed.R.Evid. 404(b).

The offenses here involving Victim 1 and Minor Victim 1 are of similar character, are temporally and logically related, and have overlapping evidence. Beyond being sexual

offenses, both counts relate to Defendant's conduct of using fraud, force or coercion to receive something of value in return. Count I alleges Defendant received something of value by having Victim 1 engage in a commercial sex act. Count II alleges Defendant induced, enticed, or coerced Minor Victim 1 to engage in sexually explicit conduct in order to create a visual depiction of such conduct. The Eighth Circuit previously held that such visual depiction, child pornographic material, is "something of valuable consideration." *See United States v. Hansen,* 859 F.3d 576, 577 (8th Cir. 2017); *United States v. Griffin,* 482 F.3d 1008, 1012 (8th Cir. 2007).

The victims do not have to be the same age to meet the similar character standard, nor do the offenses have to occur at the same time. *See, i.e., Rodgers, 732 F.2d at 629* (determining twenty-month time period between the narcotics offenses was proper for joinder); *United States v. Hastings,* 577 F.2d 38, 40 (8th Cir. 1978) (affirming joinder for two offenses separated by a two-year period). In *United States v. Tyndall,* 263 F.3d 848 (8th Cir. 2001), the court held that joinder was proper on two counts of attempted aggravated sexual abuse, where one victim was a minor, the other victim was a woman in her sixties, and the assaults occurred a year apart. In so finding, the court noted that the two offenses were not of the "same" character, but "similar" character, meaning "nearly corresponding; resembling in many respects; somewhat alike, having a general likeness." *Id.* at 850 (internal citations omitted). Although the charges related to each victim here are not identical, the offenses are of a similar character in that they allege that Defendant coerced both victims to engage in sexual acts for his benefit over the same time period. Joinder of the offenses alleged in the indictment is accordingly proper under Fed.R.Crim.P. 8(a) because all of the offenses charged are of similar character.

b. Severance is not warranted under Fed.R.Crim.P. 14.

Defendant argues that, even if the counts are properly joined under Rule 8, they should nevertheless be severed to avoid undue prejudice pursuant to Rule 14. He argues that trying Counts I and II together would be unduly prejudicial because allegations of sexual acts with a minor are inflammatory and emotional and the evidence overlaps only

to show his propensity to commit sexual offenses, which is inadmissible under Fed.R.Evid. 404(b)(1). The government, however, argues that it intends to introduce such evidence to show Defendant's pattern of using force, fraud or coercive means to obtain value from the sexual abuse of these victims, which is admissible under Fed.R.Evid. 404(b)(2).

The Court acknowledges that there is the inherent potential of prejudice in joinder of all counts in one trial due to the nature of the sexual exploitation charges against a minor victim, however severance is not warranted when "the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime." *United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010); *United States v. Goodhouse*, 81 F.4th 786 (8th Cir. 2023) (rejecting the defendant's argument that he was prejudiced by the district court's failure to sever two counts of aggravated sexual abuse of a child involving two separate victims because a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime); *see also Tyndall*, 263 F.3d at 850-51 (affirming denial of motion to sever two attempted aggravated sexual abuse charges because "the evidence of the later incident was admissible in the trial involving the earlier one"). The government intends to introduce evidence of the sex trafficking of Victim 1 and sexual exploitation of Minor Victim 1, under Rule 404(b)(2), to show Defendant's "motive and intent (to obtain value from his sexual abuse), plan (pattern of using force/fraud/and or coercive means to get victims to engage in sex acts for his benefit), knowledge of the value of commercial sex, absence of mistake or misunderstandings, and identity." (Filing No. 32, at p. 6).  Rule 404 is a rule of inclusion, meaning the evidence the government intends to offer is presumed admissible absent a contrary determination. *United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017). Given that standard, and the nature of the charged offenses, it is likely that evidence related to one count would be admissible in the trial of the other. The evidence regarding minors may be prejudicial, but evidence is not *unfairly* prejudicial merely because it is unfavorable. *United States v. Henderson*¸416 F.3d 686, 693 (8th Cir. 2005) (emphasis added).

6

In the event the court admits the evidence at trial, Defendant may mitigate the prejudice with appropriately tailored jury instructions. See *United States v. Mann,* 685 F.3d 714, 718 (8th Cir. 2012) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."); See *United States v. Caldwell*, 97 F.3d 1063, 1068 (8th Cir. 1996) (cautionary instruction from trial court sufficient to limit prejudice of prior convictions). But the court cannot now say that Defendant has overcome the presumption that the charges are properly joined or that the need to sever is severe or compelling to warrant separate trials. *United States v. Casteel,* 663 F.3d 1013, 1018 (8th Cir. 2011). The motion to sever is denied.

## II.     Motion to Dismiss, or in the Alternative, to Strike

Defendant also moves to dismiss Count II charging violations of 18 U.S.C. § 2251(a), arguing the charge is defective because his prior conviction is not, as a matter of law, the kind of conviction that triggers the enhanced penalty under 18 U.S.C. § 2251(e).

Section 2251(e) provides:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under the Uniform Code of Military Justice or the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or a ward, or sex trafficking of children, or the production, possession, receipt, mailing sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years….

18 U.S.C. § 2251(e).

Defendant concedes that he was previously convicted of attempted sexual assault in Arizona. He argues, however, that this prior conviction does not trigger the statutory sentencing enhancement under § 2251(e) because the Arizona statute did not require proof that his victim was a minor. See A.R.S. § 13-1406(A)("A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with *any person* without consent of such person")(emphasis added). According to Defendant,

7

only crimes involving minors can trigger the enhanced sentence because the phrase "involving a minor or ward" in § 2251(e) modifies each of the crimes listed before it (i.e., "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact"), instead of only the one crime immediately preceding it ("abusive sexual contact").

The Supreme Court addressed the statutory construction of 18 U.S.C. § 2252(b)(2), a substantially similar sentencing enhancement statute, in *Lockhart v. United States*, 577 U.S. 347, 351 (2016). That statute provides that anyone with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward…." shall face a higher penalty than someone without such a prior conviction. 18 U.S.C. § 2252(b)(2). The Supreme Court employed the "rule of last antecedent" and held that the phrase 'involving a minor or ward' modified only the crime immediately preceding it in the statute and did not modify the other listed crimes." *Id.* In its reasoning, the Court stated, "[t]he rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it. That is particularly true where it takes more than a little mental energy to process the individual entries in the list, making it a heavy lift to carry the modifier across them all." *Id.*

Prior to *Lockhart,* the Eighth Circuit determined that the phrase "involving a minor or ward" modified all three prior-conviction categories immediately preceding that phrase. *See, e.g., United States v. Linngren,* 652 F.3d 868, 870–71 (8th Cir.2011), (construing § 2252(b)(1)); *United States v. Hunter,* 505 F.3d 829, 830–31 (8th Cir.2007) (construing § 2252(b)(2)). However, after *Lockhart‚* the court changed course and adopted the Supreme Court's reasoning, now holding that the phrase "involving a minor or ward" in § 2252(b)(1) modifies only "abusive sexual conduct" and not "aggravated sexual abuse" or "sexual abuse." *United States v. Knowles,* 817 F.3d 1095 (8th Cir. 2016). The Eighth Circuit has not yet directly expanded this interpretation to § 2251(e), but such reliance on this interpretation is reasonable. In *Knowles,* the court acknowledged that the language in

§2252(b)(1) is identical to language in § 2252(b)(2), and therefore the *Lockhart* analysis controls. *Id.*

Likewise, the distinction between "abusive sexual conduct" in § 2252(b)(2) and "abusive sexual contact" in § 2251(e) is immaterial. The remainder of the language, and the interpretation that follows, is identical. As such, the court adopts the statutory interpretation method propounded in *Lockhart* and finds that Defendant's prior conviction does not require a minor victim to trigger the enhancement, so long as the conviction relates to "sexual abuse" or "aggravated sexual abuse." Defendant's prior conviction of attempted sexual assault certainly meets that requirement. *See United States v. Stults*, 575 F.3d 834, 845–46 (8th Cir. 2009) (rejecting Stults's challenge that *attempted* sexual assault cannot qualify for the § 2252(b)(1) enhancement because, even though attempted sexual assault does not require proof of actual sexual abuse, it still "relates to" sexual abuse); *United States v. Hubbard*, 480 F.3d 341, 345 (5th Cir. 2007) (holding that an Oklahoma conviction for *attempted* lewd or indecent proposals triggers the enhanced statuary minimum sentence under 18 U.S.C. § 2252A).

Short of dismissal, Defendant moves the court to strike any reference of the prior conviction from the indictment because its inclusion is highly prejudicial and it is not an element of the offense to be proven to the jury. The government asserts the charged language places Defendant on notice of the enhanced penalty in the event of conviction. It further argues that Defendant's prior conviction will be a material part of the government's case in chief regarding Count III, so introduction of the offense as to Count II is not prejudicial.

"The proper remedy where allegations of an indictment are unnecessary or prejudicial is not by motion to dismiss the whole indictment or an entire count thereof, but by motion to strike the claimed surplusage." *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir.1962). Upon a motion by the defendant, a court may strike surplusage from an indictment where the information to be struck is prejudicial or irrelevant. Fed.R.Crim.P. 7(d), 1944 Advisory Comm. Note. Only where it is clear the material to be struck is

9

irrelevant to the charge or contains inflammatory and prejudicial material should a motion to strike surplusage be granted. *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005). The decision to strike language from an indictment is within the discretion of the trial court. *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007).

The Supreme Court held in *Almendarez–Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219 (1998) that "[a]n indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Id.* (internal citation omitted). The Supreme Court subsequently ruled that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt but expressly carved out an exception to this rule when the enhancement factor is a prior conviction. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000). Although the government notes that subsequent decisions have addressed concerns about whether *Almendarez-Torres* was correctly decided, it remains good law and binding precedent. *See United States v. Gamboa*, 439 F.3d 796, 815 (8th Cir.2006) ("Almendarez–Torres ... is still the law."); *United States v. Landers*, 417 F.3d 958 (8th Cir.2005)("Almendarez–Torres remains the governing law which we must follow.").

Consistent with *Almendarez–Torres*, the Eighth Circuit has since held the fact of a prior conviction need not be alleged in the indictment even though it may be used to enhance a sentence. *See, e.g., United States v. Sohn*, 567 F.3d 392, 394 (8th Cir. 2009). Courts in this district have likewise followed suit and struck the offending language as surplusage. *See United States v. Stults*, 2007 WL 3275129 (D. Neb. Nov. 2, 2007)(as it applies to 18 U.S.C. § 2252(b)(2); *United States v. Young*, 2012 WL 2254184 (D. Neb. June 15, 2012)(as it applies to 18 U.S.C. § 2251(e)).

Defendant does not appear to contest this argument, as it is clear that his prior conviction could be used to enhance his sentence if convicted. Defendant nonetheless argues its inclusion in the indictment is prejudicial. The government acknowledges that the language is surplusage, but argues that because it will introduce evidence of the prior

conviction to prove the necessary elements in Count III, any prejudice to Defendant is eliminated. That argument, however, misses the point. Evidence of prior convictions, though often relevant, is inherently prejudicial. See *Old Chief v. United States*, 519 U.S. 172, 180–182 (1997). Due to the inherent risk to Defendant, striking the offending language would prevent any prejudice to Defendant from the start, at least for the purpose of presenting the indictment to the jury. Thereafter, and upon a proper showing of relevance to the charged offense in Count III, the government could seek to offer evidence of Defendant's prior conviction.

The government's concerns about providing sufficient notice to the Defendant that it intends to seek the sentencing enhancement are reasonable, but immaterial here. Striking the language does not interfere with the government's right to address Defendant's prior conviction at sentencing as that is a separate phase of the criminal process. *United States v. Johnson*, 408 F.3d 535, 540 (8th Cir.2005) ("The Supreme Court has never overruled its decision in *Almendarez–Torres*, and *Shepard* did not alter the rule that a court may consider prior criminal history as a sentencing factor"); *United States v. Bates*, 77 F.3d 1101 (8th Cir. 1996) *quoting United States v. McMurray,* 20 F.3d 831, 833-834 (8th Cir. 1994); *See also United States v. Sherman,* 440 F.3d 982, 986 (8th Cir. 2006) (information deemed as surplusage is relevant for sentencing matters). Unlike the prior conviction enhancement provisions under the Controlled Substances Act, 21 U.S.C. § 851, there are no proceedings prescribed by statute for establishing prior convictions under 18 U.S.C. § 2251(e). Similar to the enhancement prescribed by § 2252(b)(2), "the enhancement here is mandatory and cannot be circumvented by any action of the government." *Stults,* 2007 WL 3275129, at *2; *citing United States v. Schmeltzer,* 960 F.2d 405 (5th Cir. 1992). In keeping with Eighth Circuit precedent, the court finds that the language "having previously been convicted of offenses under the laws of the State of Arizona relating to sexual abuse to wit; a conviction on or about June 16, 1994, for Attempted Sexual Assault in the Superior Court of Arizona, Maricopa County" is surplusage and recommends that it be stricken from the indictment. The court further recommends that the remainder of the motion to dismiss be denied.

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Sever (Filing No. 27) is denied.

IT IS RECOMMENDED to the Honorable Robert F. Rossiter, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's Motion to Dismiss, or in the Alternative, to Strike (Filing No. 29) be denied as to dismissal, but granted as to striking the language "having previously been convicted of offenses under the laws of the State of Arizona relating to sexual abuse to wit; a conviction on or about June 16, 1994, for Attempted Sexual Assault in the Superior Court of Arizona, Maricopa County" from Count II of the Indictment.

The Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 1st day of August, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge