IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>CHAD ALIOTH,<br><br>                Defendant. | 8:25CR72<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on the magistrate judge's[1] Findings and Recommendation and Order (Filing No. 35) denying defendant Chad Alioth's ("Alioth") Motion to Sever (Filing No. 27) and recommending the Court grant only Alioth's alternative request for relief with respect to his Motion to Dismiss or, in the Alternative, to Strike (Filing No. 29). *See* 28 U.S.C. § 636(b)(1) (authorizing district courts to refer pretrial matters to magistrate judges). Alioth objects to both (Filing No. 38). *See id.* (allowing defendants to object when they think a magistrate judge got it wrong).

      As to the first motion, Alioth sought to sever Counts I, II, and III of the Indictment (Filing No. 16) pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a), arguing they were improperly and prejudicially joined. Upon review, the magistrate judge denied Alioth's motion to sever. Noting that courts should broadly construe Rule 8 to promote judicial efficiency, the magistrate judge concluded joinder was proper because Alioth's charged offenses "are of similar character, are temporally and logically related, and have overlapping evidence." *See* Fed. R. Crim. P. 8 (permitting joinder if the charged offenses "are of the same or similar character"); *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (defining similar to mean "[n]early corresponding; resembling in many respects;

---

[1] The Honorable Ryan C. Carson, Unites States Magistrate Judge for the District of Nebraska.

somewhat alike; having a general likeness" (alteration in original) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam))).

The magistrate judge acknowledged "the inherent potential of prejudice in joinder of all three counts in one trial" given that Count II alleged sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), but reasoned that such "evidence is not *unfairly* prejudicial merely because it is unfavorable." In the end, the magistrate judge decided Alioth failed to show "that the need to sever is severe or compelling to warrant separate trials." *See United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) ("[T]here is a strong presumption against severing properly joined counts."); *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) ("Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder."); *United States v. Kirk*, 528 F.3d 1102, 1107-08 (8th Cir. 2008) (requiring severe or compelling prejudice).

Turning to Alioth's motion to dismiss, the magistrate judge rejected Alioth's argument that Count II should be dismissed outright as defective because his prior conviction from Arizona "is not, as a matter of law, the kind of conviction that triggers [an] enhanced penalty" under 18 U.S.C. § 2251(e) as charged in the Indictment. Alioth asserts § 2255(e) only applies if the predicate offense involved "a minor or ward" and given the broad sweep of the Arizona statute he was convicted under, *see* A.R.S. § 13-1406(A), "the government cannot categorically" prove that.

The magistrate judge adopted "the statutory interpretation method propounded in" *Lockhart v. United States*, 577 U.S. 347, 351 (2016), and found that Alioth's "prior conviction does not require a minor victim to trigger the enhancement, so long as the conviction relates to 'sexual abuse' or 'aggravated sexual abuse,'" which Alioth's prior conviction does. Although the magistrate judge found dismissal unwarranted in these circumstances, he did determine that striking the reference to Alioth's prior conviction in Count II "would prevent any prejudice to" Alioth from the start. He therefore recommends

2

the Court strike as surplusage the following language from the Indictment: "having previously been convicted of offenses under the laws of the State of Arizona relating to sexual abuse to wit; a conviction on or about June 16, 1994, for Attempted Sexual Assault in the Superior Court of Arizona, Maricopa County."

Alioth's objections are fairly straightforward. He contends (1) Count I is improperly joined with Counts II and III because "the charges are not sufficiently similar or temporally related" and (2) "the joinder of all three counts will cause undue prejudice." *See* Fed. R. Crim. P. 8, 14. As he sees it, those "characteristics the Magistrate Judge identifie[d] as 'similar' are so broad as to render the joinder rules meaningless." He further challenges the magistrate judge's acceptance of "the government's purported grounds for admissibility under Federal Rule of Evidence 404(b)." Finally, he maintains Count II should be dismissed entirely, faulting the magistrate judge for failing to use the categorical approach in determining whether his prior conviction qualifies as a predicate offense. *See Taylor v. United States*, 495 U.S. 575, 600 (1990).

In response (Filing No. 40), the government urges the Court "to adopt the Magistrate Judge's findings and recommendations in whole, including the denial of the motion to sever and the motion to dismiss." It "accepts the recommendation that the prior conviction language about Alioth's Arizona conviction should be stricken from the Indictment" but asserts Alioth's "new" argument about the categorical approach is unavailing.

Different standards of review apply to the magistrate judge's denial of Alioth's motion to sever and his findings and recommendation on Alioth's motion to dismiss. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. The Court reviews the severance denial to determine whether it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); *United States v. Whitebear*, No. 8:19CR276, 2020 WL 525902, at *2 (D. Neb. Feb. 3, 2020) (citing *United States v. Bruck*, 152 F.3d 40, 43 (1st Cir. 1998) (treating a motion to sever as nondispositive and reviewing it under § 636(b)(1)(A))). In contrast, the Court makes "a de novo determination of those portions of the . . . proposed

findings or recommendations to which" Alioth has objected. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Crim. P. 59(b)(3).

Having carefully conducted the requisite review of each decision and the parties' respective submissions, the Court finds no compelling reason to reverse the magistrate judge's severance ruling or to reject his dismissal recommendation. Although the question is close, the Court agrees that Counts I, II, and III were properly joined and that any prejudice to Alioth does not outweigh the efficiency of trying all three counts together. The Court further finds—for the reasons stated by the magistrate judge—no defect in Count II that requires dismissal, and both parties agree that the alternative request to strike should be granted.

In light of the foregoing,

IT IS ORDERED:

1. Defendant Chad Alioth's Objections (Filing No. 38) to the magistrate judge's Findings and Recommendation and Order (Filing No. 35) are overruled.
2. The denial of Alioth's Motion to Sever (Filing No. 27) is affirmed.
3. The magistrate judge's findings and recommendation are accepted.
4. Alioth's Motion to Dismiss or, in the Alternative, to Strike (Filing No. 29) is granted in part and denied in part.

   a. The phrase "having previously been convicted of offenses under the laws of the State of Arizona relating to sexual abuse to wit; a conviction on or about June 16, 1994, for Attempted Sexual Assault in the Superior Court of Arizona, Maricopa County" is stricken from Count II of the Indictment (Filing No. 16).

   b. The motion is denied in all other respects.

Dated this 7th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge