IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:25CR72 |
| vs. | | |
| CHAD ALIOTH, | | ORDER |
| Defendant. | | |

This matter comes before the court on Defendant's Motion to Sever (Filing No. 60), his supporting brief (Filing No. 61), and the government's brief in opposition (Filing No. 64). Being duly advised in the premises, the court denies the motion.

## I.   BACKGROUND

On March 18, 2025, a grand jury returned an indictment charging Defendant Chad Alioth ("Defendant") with three counts: sex trafficking of Victim 1 by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) and (b)(1) (Count I); sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e) (Count II); and committing a felony offense involving a minor while required to register as a sex offender in violation of 18 U.S.C. § 2260A (Count III). (Filing No. 16).

On June 20, 2025, Defendant moved to sever those counts and to dismiss or strike Count II. (Filing No. 27, Filing No. 29). The court denied severance, finding the counts were of similar character, temporally and logically related, and supported by overlapping evidence. (Filing No. 35). The court recommended striking the prior-conviction language from Count II as surplusage, but otherwise recommended denial of the motion to dismiss.

1

(Filing No. 35). The district court judge thereafter overruled Defendant's objections and adopted those findings in full.[1]  (Filing No. 41).

On October 21, 2025, a grand jury returned a Superseding Indictment adding three counts. (Filing No. 43). As superseded, the indictment now charges two additional counts of sex trafficking by force, fraud, or coercion against two additional adult victims: Victim 2 from November 1, 2023, through February 27, 2025 (Count II) and Victim 3 from October 10, 2024, through November 7, 2024 (Count III). It also adds a new charge of transporting Victims 2 and 3 in interstate commerce to engage in prostitution during that same window (Count IV). (Filing No. 43).

On April 29, 2026, Defendant again moved to sever, arguing that the counts are improperly joined under Federal Rule of Criminal Procedure 8(a) and that, even if properly joined, severance is required under Fed. R. Crim. Pro. 14(a) to prevent undue prejudice. (Filing No. 60, Filing No. 61). Defendant does not revisit the joinder of former Counts I, II, and II of the original Indictment, now renumbered as Counts I, V, and VI in the Superseding Indictment. Nor does Defendant contest that the new Counts II, III, and IV are properly joined with each other. His motion instead targets the connection between those two groups, arguing that they are not of similar character nor part of a common scheme, and that joining them is unfairly prejudicial regardless.

Defendant again requests an evidentiary hearing and oral argument. The motion raises questions of law, not questions of fact. *See United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013) (evidentiary hearing required only when moving papers establish a contested issue of fact). The court therefore finds an evidentiary hearing unnecessary. For many of the same reasons as noted before, the motion is denied.

---

[1] The Honorable Robert F. Rossiter, Chief United States District Judge

## II.    DISCUSSION

### A.  Severance Is Not Warranted Under Rule 8(a).

The court must first determine whether the new Counts II, III, and IV are properly joined with Counts I, V, and VI of the Superseding Indictment pursuant to Fed. R. Crim. P. 8(a). The relevant legal standards were previously stated in the court's prior recommendation and have not changed. Rule 8(a) permits joinder when the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The rule "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (*citing United States v. Little Dog,* 398 F.3d 1032, 1037 (8th Cir. 2005)). "The propriety of joinder is…determined from the face of the indictment." *United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984), overruled on other grounds by *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (quotation omitted). "Similar" means "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (quotation omitted). There is no per se rule governing the time period between similar offenses. *See United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Offenses can be deemed to be part of a common plan or scheme when they are related temporally and logically. *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (finding charges to be part of a common plan or scheme where they were connected temporally and logically).

Counts I, II, and III all charge the same statutory violation, 18 U.S.C. § 1591(a) and (b)(1), and all allege that Defendant used force, fraud, coercion, or some combination of those means to cause adult victims to engage in commercial sex acts for his financial benefit. Those offenses are of the same or similar character under any reading of Rule 8(a).

*See Tyndall*, 263 F.3d at 850 (similar character requires only a general likeness, not identity). The time periods overlap as well. Count I extends from April 2007 through February 2025, Count II runs from November 2023 through February 2025, and Count III covers October through November 2024. The Eighth Circuit has upheld joinder of similar offenses separated by far greater gaps. *See United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978) (affirming joinder of offenses two years apart); *Rodgers*, 732 F.2d at 629 (twenty-month gap between narcotics offenses did not defeat joinder). And the Eighth Circuit affirmed joinder of sexual abuse counts involving different victims abused in different ways at different times. *See United States v. Goodhouse*, 81 F.4th 786, 791 (8th Cir. 2023).

Defendant argues that Count I is factually distinct because it spans nearly two decades and involves a victim who had a child with him and was at one time married to him. That factual difference does not defeat joinder. Rule 8(a) asks whether offenses are of a similar character, not whether they are factually identical. The indictment alleges the same coercive mechanism across Counts I, II, and III regardless of how the relationships with each victim began or how long they lasted. Count IV, which Defendant concedes is properly joined with Counts II and III, is similarly linked to Count I for the same reasons.

The link to Counts V and VI follows from the court's prior ruling. The court previously found that the sex trafficking of Victim 1 and the sexual exploitation of Minor Victim 1 are of similar character because both allege Defendant used fraud, force, or coercion to receive something of value through the sexual abuse of his victims, and the relevant time periods overlap. (Filing No. 35). That reasoning applies with equal force to Victims 2 and 3. Counts I, II, III and V all allege that Defendant employed the same coercive conduct to extract sexual performance from different victims for his benefit, and all during overlapping time periods. Therefore, on the face of the Superseding Indictment, all six counts are properly joined under Rule 8(a).

4

**B. Severance Is Not Warranted Under Rule 14(a).**

Having found that joinder is appropriate under Rule 8, the court must now determine whether trying Counts II, III, and IV together with Counts I, V, and VI would unfairly prejudice Defendant and finds that it would not, for many of the same reasons as noted before. Again, Rule 14(a) permits the court to order separate trials if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "[T]here is a strong presumption against severing properly joined counts." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) (*quoting United States v. Ruiz,* 412 F.3d 871, 886 (8th Cir.2005). Separate trials are required only where prejudice is "severe or compelling." *United States v. Kirk*, 528 F.3d 1102, 1107-08 (8th Cir. 2008). Severe prejudice occurs when a defendant is deprived of "an appreciable chance for an acquittal" that a severed trial would have provided. *Taken Alive*, 513 F.3d at 902 (quotation omitted). "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *McCarther*, 596 F.3d at 442 (quotation omitted). The defendant bears the burden of establishing prejudice. *United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992).

Defendant argues that trying all six counts together prejudices him in three ways: (1) evidence of his registered sex offender status in Count VI will cause the jury to presume his guilt on the remaining counts; (2) evidence of sexual conduct with a minor in Count V is inflammatory and would not be admissible in a separate trial of Counts I through IV; and (3) evidence of the nearly two-decade relationship with Victim 1 alleged in Count I would prejudice the jury against him at a trial of Counts II through IV. None of those arguments clears the high bar for severance.

The court previously found that the government's intended Rule 404(b)(2) evidence tying the sex trafficking counts to the minor-victim counts would likely be admissible in separate trials to show Defendant's motive, intent, plan, knowledge, and absence of mistake. (Filing No. 35, Filing No. 41). That analysis is unchanged. Rule 404(b) is a rule of inclusion, and the government's stated non-propensity purposes are legitimate on their

5

face. *See United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017). Because evidence of the sex trafficking counts would likely be admissible in a separate trial on Count V, and vice versa, Defendant cannot establish the kind of severe prejudice that warrants severance. As previously stated, the evidence regarding minors may be prejudicial, but evidence is not *unfairly prejudicial* merely because it is unfavorable. *See United States v. Henderson,*416 F.3d 686, 693 (8th Cir. 2005) (emphasis added).

Defendant is correct that his status as a registered sex offender is an element of Count VI and would not be independently admissible in a separate trial on any other count. But that does not resolve the prejudice question in his favor. To prove Count VI, the government must prove Count V. Severing Count VI from Count V would require Minor Victim 1 to testify at two separate proceedings. Given the strong presumption against severing properly joined counts, that result is not one Rule 14 requires. *See McCarther*, 596 F.3d at 442. Moreover, the convictions underlying Defendant's registration requirement would themselves be admissible under Rule 404(b)(2) in separate trials of the remaining counts. Any prejudice from the jury learning of Defendant's sex offender status in the context of Count VI is not unfair merely because that evidence is unfavorable to him. *See Henderson*, 416 F.3d at 693.

As the court observed in denying the first motion to sever, any residual risk of prejudice from trying all counts together can be addressed through carefully tailored limiting instructions. *United States v. Mann*, 685 F.3d 714, 718 (8th Cir. 2012) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions"). Properly instructed, a jury is capable of giving separate consideration to distinct charges and compartmentalizing the evidence offered on each. *See id*. at 718-19 (denying severance where the jury received instructions to consider each count separately, and where the jury's acquittal on one count demonstrated its ability to compartmentalize the evidence). The same safeguard is available here. Defendant has not shown that the prejudice from a joint trial would be severe or compelling, or that he would have an appreciable chance of

acquittal in any of the severed proceedings he proposes that he would not have in a joint trial.

For the foregoing reasons, IT IS ORDERED that the motion to sever is denied. (Filing No. 60).

Dated this 26th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

7