IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD ALIOTH,<br><br>Defendant. | **8:25CR72**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Chad Alioth's ("Alioth") Statement of Objections (Filing No. 73) to the magistrate judge's[1] June 26, 2026, Order (Filing No. 68) denying Alioth's Motion to Sever (Filing No. 60) Counts in the Superseding Indictment (Filing No. 43). *See* 28 U.S.C. § 636(b)(1) (authorizing the Court to refer such pretrial matters to a magistrate judge and permitting the defendant to object to their ruling). The Court previously affirmed (Filing No. 41) the magistrate judge's order (Filing No. 35) denying Alioth's motion to sever (Filing No. 27) certain counts in the Indictment (Filing No. 16).

Alioth now takes issue with the Superseding Indictment. As he sees it, certain counts are improperly joined under Federal Rule of Criminal Procedure 8 and prejudicially joined under Federal Rule of Criminal Procedure 14. He asks the Court to sever the six counts against him into four separate groups for trial.

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under [Rule 8]. If joinder is proper, the court still has discretion to order a severance under [Rule 14]." *United States v. Darden*, 70 F.3d 1507, 1526 (8th

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

Cir. 1995). Following that two-step process, the magistrate judge again denied Alioth's motion to sever, finding severance was not warranted under either rule.

Alioth challenges that decision. In particular, he contends the magistrate judge erred in concluding the first five counts are properly joined. He further argues the magistrate judge underestimated the severe prejudice he will suffer and overestimated "the ability of limiting instructions to mitigate that prejudice." *See Zafiro v. United States*, 506 U.S. 534, 539-40 (1993); *United States v. Drew*, 9 F.4th 718, 730 (8th Cir. 2021) (Kelly, J., concurring). For its part, the government asks (Filing No. 75) the Court to overrule Alioth's objections and affirm the magistrate judge's order.

Section 636(b)(1)(A) authorizes the Court to "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Accord* Fed. R. Crim P. 59(a); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). "Clear error exists only when [the Court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Little*, 175 F.4th 987, 991 (8th Cir. 2026) (quoting *United States v. Red Elk*, 132 F.4th 1100, 1105 (8th Cir. 2025)).

After careful review, the Court finds Alioth has failed to show the magistrate judge's well-reasoned decision "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In short, the Court agrees that "all six counts are properly joined under Rule 8(a)" and that Alioth has not shown undue prejudice from their joinder. *See*, *e.g.*, *United States v. Martinez*, 169 F.4th 783, 787 (8th Cir. 2026) (reiterating the "strong presumption against severing properly joined counts" and the rarity of prejudice "substantial enough to outweigh the general efficiency of joinder" (first quoting *United States v. Robinson*, 781 F.3d 453, 461 (8th Cir. 2015), then quoting *United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011))); *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (broadly construing Rule 8 "in favor of joinder to promote the efficient administration of justice" and finding no unfair prejudice under Rule 14 in trying the defendant's crimes together);

*United States v. Dennis*, 625 F.2d 782, 801 (8th Cir. 1980) ("Judicial economy and legitimate public interests favor a joinder of all offenses against the accused.").

For the foregoing reasons,

IT IS ORDERED:

1. Defendant Chad Alioth's Objections (Filing No. 73) to the magistrate judge's June 26, 2026, Order (Filing No. 68) are overruled.
2. The magistrate judge's denial (Filing No. 68) of Alioth's Motion to Sever (Filing No. 60) is affirmed.

Dated this 27th day of August 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge