IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD ALIOTH,<br><br>Defendant. | **8:25CR72**<br><br>**RULE 17.1 MEMORANDUM** |

On October 13, 2026, this matter came on for pretrial conference pursuant to Fed. R. Crim. P. 17.1. Defendant was present with counsel Assistant Federal Public Defender Jeffrey Thomas. Assistant United States Attorney Sarah Hinrichs appeared for the Government. The parties discussed case progression and trial setting. Pursuant to Rule 17.1, the court must prepare and file a memorandum of any matters agreed to during the conference. The following matters were addressed and the following progression deadlines are now imposed:

1. This matter was previously deemed complex at the request of the Government and without objection by the Defendant. (Filing No. 53). *See* 18 U.S.C. §3161(h)(7)(B)(ii). Upon the resolution of Defendant's first pretrial motion to sever, the matter was set for trial. (Filing No. 42). The matter was re-progressed after the filing of a Superseding Indictment and trial was cancelled. (Filing No. 43). Upon the resolution of Defendant's second motion to sever, the matter was again set for trial, but continued twice at Defendant's request. (Filing No. 69, 70, 77, 78, 79).

2. The parties have engaged in extensive plea negotiations, but reached an impasse. A general discussion concerning those negotiations was had on the record. Neither party requested the court conduct a *Frye* inquiry.

3. The parties jointly requested that the matter not be reset for trial, but rather a further pretrial conference be set in approximately 90 days due to ongoing discovery and recent notice by the Government of Fed. R. Evid. 404(b) evidence. That notice identified approximately 19 alleged victims, with the parties believing a three-day pretrial evidentiary hearing will be necessary to determine admissibility. The parties further advised that the Government recently disclosed additional documents and is currently completing its forensic imaging of approximately six cell phone devices, including the Defendant's. The court inquired further as to Rule 16 obligations, with the Government representing that it has complied with those obligations and continues to supplement as required.

4. The court granted the parties' request to set the matter for further pretrial conference, to be held before the undersigned magistrate judge on **January 13, 2027**, **at 11:00 AM** in Courtroom 7, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE. The parties shall be prepared to discuss trial-setting at that time.

5. The court tentatively set the matter for a Fed. R. Evid. 404(b) pretrial evidentiary hearing before District Judge Robert F. Rossiter, Jr. beginning on **January 26, 2027, at 9:00 AM** in Courtroom 4, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE. The court will set aside no more than three days for hearing.

6. On or before **January 19, 2027**, the parties shall file their proposed witness list(s) and exhibit list(s) for the evidentiary hearing pursuant to NECrimR 12.6, and hand deliver a copy of all exhibits to the chambers of District Judge Robert F. Rossiter, Jr.

7. Pursuant to Fed. R. Crim. P. 16(d), the court finds good cause to establish deadlines for discovery. Deadline for the government's discovery, except for experts, *Jencks Act*, *Brady/Giglio* disclosures, and newly discovered evidence (the production of which is required by the Government's ongoing Fed. R. Crim. P. 16 obligations), shall be provided to the Defendant on or before **December 31, 2026**.

8. The court addressed speedy trial. While Defendant did not agree to waive speedy trial, the court finds, for the reasons noted on the record, that the ends of justice will be served by granting a continuance, which outweigh the best interests of the public and the Defendant in a speedy trial and the failure to grant a continuance would result in a miscarriage of justice. *See* 18 U.S.C § 3161(h)(7). This matter has been deemed complex pursuant to 18 U.S.C. § 3161(h)(7)(ii) and involves multiple charges involving allegations of human trafficking, transportation for prostitution, and attempted sexual exploitation of a child. (Filing No. 43). Discovery is voluminous, involving thousands of pages of documents and multiple cell phone devices. As the Government described in its prior Motion for Speedy Trial Exemption (Filing No. 48), Defendant's phone allegedly contains hundreds of

videos and thousands of still images and chat messages still being reviewed. Defense counsel requested additional time to complete his review of the discovery and to ensure adequate preparation for trial. The Government also recently provided notice of approximately 19 alleged prior victims pursuant to Fed. R. Evid. 404(b) and a separate evidentiary hearing will be necessary to determine admissibility prior to trial. The parties engaged in extensive plea negotiations and both believed the matter would be resolved until recently. Defendant filed two pretrial motions and previously requested continuances of deadlines and of trial. The court finds the matter remains complex due to the nature of the prosecution, the existence of novel questions of fact and law, and the amount of discovery, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. 3161(h)(7)(B)(ii). For these reasons, and in the interest of justice, the time between October 13, 2026 and January 13, 2027, shall be excluded from the speedy trial clock.

Dated this 14th day of October, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge